929 F.2d 691
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frederick BELLAMY, Plaintiff-Appellant,
v.
Gary T. DIXON, George L. Jones, Chester R. Edwards, John
Stackhouse, Defendants-Appellees.
 No. 90-7502.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 14, 1991.
Decided April 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, District Judge. (CA-90-579-CRT-H)
 Frederick Bellamy, appellant pro se.
 E.D.N.C.
 VACATED AND REMANDED.
 Before K.K. HALL, PHILLIPS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Frederick Bellamy, an inmate in a North Carolina state prison, brought a complaint pursuant to 42 U.S.C. Sec. 1983 charging the prison officials with deliberate indifference to harm caused by dishwashing detergent he is being forced to use in a job assignment at the prison.
 
 
 2
 On October 1, 1990, a magistrate judge ordered plaintiff to complete a form designed to show whether the case had been exhausted under the Inmate Grievance Procedure. Plaintiff sent a timely response indicating he had not exhausted the Inmate Grievance Procedure. The reasons he gave for not exhausting that procedure were that he did not know exhaustion was required, he sought medical attention, and the Food Service Director was aware of his injuries. No order was issued below directing Bellamy to exhaust administrative channels pursuant to 42 U.S.C. Sec. 1997e.
 
 
 3
 In its order dismissing the case, the district court noted that the case was before it for a determination of "frivolity" pursuant to 28 U.S.C. Sec. 1915(d) and that, based on the standard in Neitzke v. Williams, 490 U.S. 319 (1989), the case should be "dismissed in part and allowed in part." The court went on to discuss the eighth amendment standards regarding infliction of pain by prison officials and concluded that if "defendants were deliberately indifferent to the harm caused by this detergent, this arguably evidences a constitutional claim and may not be dismissed as frivolous." It simultaneously held that Bellamy's claim of negligence did not state a constitutional deprivation under Sec. 1983 and should be dismissed as frivolous. The judgment accompanying the court's order, however, dismissed the entire case.
 
 
 4
 As noted by the district court's order, the claim of deliberate indifference to plaintiff's injuries caused by the detergent should be allowed to proceed. Accordingly, the case is remanded for further proceedings with respect to this part of the complaint. On remand, the district court may order such exhaustion as it finds necessary pursuant to 42 U.S.C. Sec. 1997e, giving plaintiff notice and an opportunity to comply.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.